UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS SCOTT STONE,<br><br>        Plaintiff,<br><br>   v.<br><br>JANE DOE, et al.,<br><br>        Defendants. | Case No.   1:24-cv-00191-EPG (PC)<br><br>ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>ORDER DIRECTING PAYMENT OF INMATE FILING FEE BY CALIFORNIA DEPARTMENT OF CORRECTIONS<br><br>(ECF No. 4). |

      Plaintiff Nicholas Scott Stone is a *pro se* prisoner in this civil rights action filed on February 12, 2024,[1] under 42 U.S.C. § 1983. (ECF No. 1). This case is before the Court on Plaintiff's application to proceed *in forma pauperis* (IFP), filed on March 11, 2024. (ECF No. 4). While the Court will ultimately grant the application because the available information indicates that Plaintiff cannot afford to prepay the filing fee, it notes that Plaintiff has provided false allegations in his IFP application.

      The Court normally requires prepayment of its filing fee for a civil action. However, a federal statute, 28 U.S.C. § 1915, permits a plaintiff to commence a lawsuit without prepaying a filing fee. This statute requires "an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." § 1915(a)(1). In addition to filing an affidavit, a prisoner "shall submit a certified copy of the trust fund account

---

[1] The complaint is dated February 5, 2024. (ECF No. 1, p. 5).

statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." § 1915(a)(2). Importantly, under § 1915(e)(2)(A), a "court shall dismiss" a case if it determines that "the allegation of poverty is untrue." But "[t]o dismiss [a] complaint pursuant to § 1915(e)(2), a showing of bad faith is required, not merely inaccuracy." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 n. 8 (9th Cir. 2015). "[C]ourts routinely dismiss with prejudice cases upon finding that the plaintiff has intentionally withheld information that may have disqualified plaintiff from obtaining IFP status or has otherwise manipulated his finances to make it appear that a plaintiff is poorer than he actually is. . . ." *Witkin v. Lee*, No. 2:17-CV-0232-JAM-EFB P, 2020 WL 2512383, at *3 (E.D. Cal. May 15, 2020), *report and recommendation adopted*, No. 2020 WL 4350094 (E.D. Cal. July 29, 2020).

With these standards in mind, the Court notes that Plaintiff filed the standard IFP application, which includes a declaration signed by Plaintiff answering questions about his finances under penalty of perjury. (ECF No. 4). Importantly, Plaintiff stated that (1) he makes only $6-$8 per month at his prison job; (2) he received no money from any other source over the last twelve months; and (3) that he had no cash or any other assets. (ECF No. 4).

However, according to Plaintiff's trust account statement, the information in his IFP application is false. (ECF No. 6). Among other things, Plaintiff routinely received deposits in the period of time on the statement from September 1, 2023 to March 7, 2024. For instance, in February 2024, the month this complaint was filed, Plaintiff received $150 in JPAY deposits and had a balance of $274.31 on February 14, 2024, before he spent $235.25 in sales on February 15, 2024. (ECF No. 3).

While the Court is troubled by the false information presented, and could consider dismissing this case with prejudice, it will grant Plaintiff's IFP application as his trust account statement ultimately indicates that he never had enough funds at any single time to cover the entire filing fee in this action.  However, Plaintiff is warned that any intentional misrepresentation to the Court can result in sanctions or even dismissal of this case.  If Plaintiff makes any misrepresentations in the future, the Court may conclude that Plaintiff is acting in bad in faith in

part based on the misrepresentations in the original application.

However, Plaintiff is ultimately obligated to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments in the amount of twenty percent (20%) of the preceding month's income credited to Plaintiff's trust account. The California Department of Corrections is required to send to the Clerk of the Court payments from Plaintiff's account each time the amount in the account exceeds $10.00, until the statutory filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

Accordingly, IT IS ORDERED as follows:

1. Plaintiff's IFP application (ECF No. 4) is granted.
2. The Director of the California Department of Corrections or designee shall collect payments from Plaintiff's prison trust account in an amount equal to twenty percent (20%) of the preceding month's income credited to the prisoner's trust account and shall forward those payments to the Clerk of the Court each time the amount in the account exceeds $10.00, in accordance with 28 U.S.C. § 1915(b)(2), until a total of $350.00 has been collected and forwarded to the Clerk of the Court. The payments shall be clearly identified by the name and case number assigned to this action.
3. The Clerk of the Court is directed to serve a copy of this order and a copy of Plaintiff's IFP application (ECF No. 4) on the Director of the California Department of Corrections, via the Court's electronic case filing system (CM/ECF).
4. The Clerk of the Court is directed to serve a copy of this order on the Financial Department, U.S. District Court, Eastern District of California.

IT IS SO ORDERED.

Dated:   **March 13, 2024**          /s/ Erica P. Grosjean
                                     UNITED STATES MAGISTRATE JUDGE