UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS SCOTT STONE,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>JANE DOE, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:24-cv-00191-EPG (PC)<br><br>ORDER TO ASSIGN A DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 9)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

　　　　Plaintiff Nicholas Scott Stone is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. As amended, Plaintiff's complaint generally alleges that Defendants (most of which are Doe Defendants) were deliberately indifferent to his serious medical needs after two occasions in which he was shot in the head during incidents on a prison yard. (ECF No. 9).

　　　　On April 11, 2024, the Court screened Plaintiff's initial complaint, which contained nearly identical claims as his amended complaint, and concluded that he failed to state any cognizable claims. (ECF No. 8). The Court explained the deficiencies in the complaint and gave Plaintiff thirty days from the date of service of the order to file an amended complaint or to notify the Court that he wanted to stand on his complaint.

　　　　On April 26, 2024, Plaintiff filed his amended complaint, which is now before the Court on screening. (ECF No. 9). For the reasons given below, the Court will recommend that this

1

case be dismissed with prejudice for failure to state a claim upon which relief may be granted.

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or a portion of it, if the prisoner has raised claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2). Additionally, as Plaintiff is proceeding *in forma pauperis* (ECF No. 7), the Court may screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard.  *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (citation and internal quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

\\\

\\\

## II.   SUMMARY OF PLAINTIFF'S AMENDED COMPLAINT

In the section of the complaint form designated for Defendants,[1] Plaintiff lists the following persons: (1) John Doe, a yard officer employed at California Correctional Institution (CCI); (2) John Does, CCI supervisory officers; (3) Jane Doe, a CCI yard officer; and (4) Jane Does, CCI medical staff. Additionally, in his second claim, Plaintiff complains about medical care from "Dr. Abumeri." Accordingly, the Court construes Plaintiff as naming Dr. Abumeri as an additional Defendant.

Plaintiff brings two claims. For his first claim, Plaintiff says he was on the yard when it "was ordered down" because of a fight. While he was laying in the prone position, he "was struck directly in the head by a 40mm round." The yard was ordered up, and Plaintiff "was dazed from the round and bleeding from [his] head profusely." Several inmates helped him up and Plaintiff walked past a line of fifteen unidentified officers and about five medical staff while bleeding from his head. The inmates were searched and went back to their cells.

Plaintiff was told by unidentified "officers" around 9:30 a.m. that medical would call him, but this never happened. Around 5:00 p.m., Plaintiff alerted the next watch. He was dizzy and having problems seeing. About another hour passed before Plaintiff was seen by medical. He explained that this was the second time he had been shot in the head. The first time that he was shot, he needed brain surgery. Plaintiff explained the matter was an emergency. About five hours went by and Plaintiff was transferred to Tehachapi Hospital, where he received a CT scan and his wound was cleaned. Unidentified medical officers covered up the injury, which prevented Plaintiff from being transported for a higher level of care. His medical care was also delayed. There was no report on the incident by officers or medical staff, only Tehachapi Hospital.

For his second claim, Plaintiff says that, after he was shot, "all officers [and responding medical staff] on the yard ignored the clear injury." When Plaintiff alerted third watch officers, "an additional delay took place." As unidentified officers and medical staff argued about how

---

[1] Minor alterations, such as altering punctuation and correcting misspellings, have been made to some of Plaintiff's quotations in the complaint without indicating each change.

to "write this up," Plaintiff knew he needed a higher level of medical care and objected to them, saying, "I don't care how you write it up, I need to be taken for a CT scan." Plaintiff states that his brain was bleeding and pushed to the other side of his head. He "was unable to clearly make decisions" and "CDCR officers had an obligation to see [he] was properly cared for." "Dr. Abumeri explained [there would be a] small scar on right side." Plaintiff "consented to nothing more." He asserts that "complications took place, additional things were done, that resulted in medical complications, that if explain[ed] Plaintiff could of chose[n] a different course of action." "But because either CDCR officers or Dr. Abumeri did not alert of these complications, Plaintiff was denied" his constitutional rights.

As for relief, Plaintiff asks for a settlement conference and for the Court to set a trial date.

### III.   ANALYSIS OF PLAINTIFF'S COMPLAINT

#### A.   Section 1983

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see also Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. County of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of

state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark County Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

A plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, 695 (1978).

Supervisory personnel are not liable under § 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisory position, the causal link between the supervisory defendant and the claimed constitutional violation must be specifically alleged. *Iqbal,* 556 U.S. at 676-77; *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under § 1983 based on a theory of supervisory liability, a plaintiff must allege some facts that would support a claim that the supervisory defendants either: were personally involved in the alleged deprivation of constitutional rights, *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); "knew of the violations and failed to act to prevent them," *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); or promulgated or "implement[ed] a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation," *Hansen*, 885 F.2d at 646 (citations and internal

quotation marks omitted).

For instance, a supervisor may be liable for his or her "own culpable action or inaction in the training, supervision, or control of his [or her] subordinates," "his [or her] acquiescence in the constitutional deprivations of which the complaint is made," or "conduct that showed a reckless or callous indifference to the rights of others." *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991) (citations, internal quotation marks, and brackets omitted).

### B.  Deliberate Indifference to Serious Medical Needs

Plaintiff's complaint alleges that Doe Defendant officers and medical were deliberately indifferent to his serious medical needs by delaying his medical treatment and not adequately informing medical providers. As to Dr. Abumeri, he appears to indicate that Dr. Abumeri left him with unanticipated deformities.

#### i.  Legal Standards

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). This requires a plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) that "the defendant's response to the need was deliberately indifferent." *Id.* (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992) (citation and internal quotations marks omitted), *overruled on other grounds by WMX Technologies v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc)).

Deliberate indifference is established only where the defendant subjectively "knows of and disregards an excessive risk to inmate health and safety." *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (citation omitted). Deliberate indifference can be established "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Jett*, 439 F.3d at 1096 (citation omitted).

Delays in providing medical care may manifest deliberate indifference. *Estelle*, 429 U.S. at 104-05. To establish a claim of deliberate indifference arising from a delay in providing

6

care, a plaintiff must show that the delay led to further harm and that Defendants purposefully ignored his medicals needs knowing about the risk of harm from delay in treatment. *See McGuckin*, 974 F.2d at 1060 (noting that delays in receiving medical care must be harmful and that "[a] defendant must purposefully ignore or fail to respond to a prisoner's pain or possible medical need in order for deliberate indifference to be established"); *Hallett v. Morgan*, 296 F.3d 732, 746 (9th Cir. 2002) (noting that Defendants must be aware that a delay in treatment would be harmful).

Civil recklessness—failure "to act in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known"—is insufficient to establish an Eighth Amendment violation. *Farmer v. Brennan*, 511 U.S. 825, 836-37 & n.5 (1994) (citations omitted). Additionally, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106. Notably, "[e]ven gross negligence is insufficient to establish deliberate indifference to serious medical needs." *Lemire v. California Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1082 (9th Cir. 2013); *see Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004) ("Deliberate indifference is a high legal standard. A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment.").

### ii. Analysis of Plaintiff's Amended Complaint

Beginning with Plaintiff's claims against the Doe Defendant officers and medical staff, the allegations in Plaintiff's First Amended Complaint, even if true, do not raise to the level of a constitutional violation for deliberate indifference to serious medical needs in violation of the Eighth Amendment. Plaintiff's allegations do not demonstrate that any Defendant acted purposefully to ignore or fail to respond to Plaintiff's possible medical need. Instead, Plaintiff's allegations would establish at most negligence on the part of Defendants, which is not a constitutional violation.

Plaintiff's allegations largely center on the delay in receiving care. Even Plaintiff has alleged that he did eventually receive medical attention, albeit hours after he requested such care. Plaintiff does not allege what harm came from the delay in care. Nor does Plaintiff's amended complaint contain any allegations—such as anything any Defendant said or did—that would establish that any Defendant purposefully delayed his care despite knowing that he needed immediate care.

Moreover, as set forth above, Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Specific factual allegations as to each Doe Defendant are required so that each Defendant is on notice as to the basis of any claim against them in order to defend this case. Here, Plaintiff has failed to comply with Rule 8 because he does not identify any Defendant individually, by using their name or Doe moniker (such as Doe Defendant 1) and he does not sufficiently describe what any Doe Defendant did or failed to do to violate his constitutional rights. Rather, Plaintiff collectively refers to unidentified officers and medical staff as generally not ensuring he was treated quickly enough. This is not sufficient to demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77.

Plaintiff's complaint appears to allege a deliberate-indifference claim against Dr. Abumeri. Like his initial complaint, he says that Dr. Abumeri explained that he would have a small scar from treatment, but unspecified "complications" arose from "additional things" being done. However, such allegations, even if true, fail to establish that Dr. Aburmeri was purposefully deliberately indifferent to his medical needs, rather than negligent in his care of Plaintiff.

Notably, courts have concluded that deformities occurring after medical care, without more, do not meet the high standard of a deliberate indifference claim. *See Merino v. Vuong*, No. 2:21-CV-0826-KJM-DMC-P, 2021 WL 5909119, at *2 (E.D. Cal. Dec. 14, 2021), *report and recommendation adopted*, 2022 WL 6770122 (E.D. Cal. Oct. 11, 2022) (concluding that allegation of deformed eye following surgery was not cognizable under § 1983); *Payne v. Lim*,

No. 2:20-CV-1231 DB P, 2021 WL 1577663, at *4 (E.D. Cal. Apr. 22, 2021) (concluding that allegations of hand deformities post-surgery were insufficient to state a deliberate-indifference claim); *Santos Valenzuela v. Smith*, No. 1:17-CV-01440-LJO-SAB (PC), 2019 WL 1599418, at *2 (E.D. Cal. Apr. 15, 2019) (concluding that allegation of a deformed and crooked finger following surgery was insufficient to state a deliberate-indifference claim).

Plaintiff does not provide sufficient facts to indicate that Dr. Abumeri knew of an excessive risk to Plaintiff's health and then disregarded that risk. While Plaintiff's allegations might implicate a claim of medical malpractice, as noted above, such allegations are insufficient to state a § 1983 claim.

## IV. CONCLUSION, ORDER, AND RECOMMENDATIONS

Based on the forgoing, the Court will recommend that this case be dismissed with prejudice. Notably, in its screening order, the Court identified the same deficiencies that persist in Plaintiff's amended complaint and gave Plaintiff the opportunity to state a cognizable claim. The Court thus concludes that further leave to amend would be futile.

Accordingly, IT IS ORDERED that the Clerk of Court shall assign a District Judge to this case.

Additionally, IT IS RECOMMENDED as follows:

1. This action be dismissed, with prejudice, for failure to state a claim.
2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

\\\
\\\

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 3, 2024**        /s/ Eric P. Grosjean
                              UNITED STATES MAGISTRATE JUDGE