UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS SCOTT STONE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JANE DOE, et al.,<br><br>　　　　Defendants. | Case No.: 1:24-cv-0191 JLT EPG (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING THE ACTION WITH PREJUDICE FOR FAILURE TO STATE A CLAIM, AND DIRECTING THE CLERK OF COURT TO CLOSE THIS CASE<br><br>(Doc. 11) |

　　　　Nicholas Scott Stone is a state prisoner who seeks to hold the defendants—including correctional officers and medical providers— liable for violations of his civil rights at California Correctional Institution pursuant to 42 U.S.C. § 1983.  The assigned magistrate judge screened Plaintiff's amended complaint pursuant to 28 U.S.C. § 1915A(a).  (Doc. 11.)  The magistrate judge determined the "allegations do not demonstrate that any Defendant acted purposefully to ignore or fail to respond to Plaintiff's possible medical need," and Plaintiff did not allege a harm from the delay in care.  (*Id.* at 7-8.)  The magistrate judge also found Plaintiff did not "sufficiently describe what any Doe Defendant did or failed to do to violate his constitutional rights."  (*Id.*) Rather, the magistrate judge noted that "Plaintiff collectively refers to unidentified officers and medical staff as generally not ensuring he was treated quickly enough."  (*Id.*)  Furthermore, the magistrate judge found Plaintiff failed to state a claim against Dr. Abumeri, because Plaintiff did not allege "Dr. Abumeri knew of an excessive risk to Plaintiff's health and then disregarded that

1  risk" when providing surgical treatment to Plaintiff.  (*Id.* at 8-9.)  Therefore, the magistrate judge
2  found Plaintiff failed to state a cognizable claim for deliberate indifference in violation of his
3  constitutional rights against any of the "Doe" defendants or Dr. Abumeri.  Because the Court
4  previously provided Plaintiff the relevant legal standards and Plaintiff "the same deficiencies"
5  persisted in the amended complaint, the magistrate judge recommended Plaintiff not be granted
6  further leave to amend and that the action be dismissed with prejudice for failure to state a claim.
7  (*Id.* at 9.)

8       Plaintiff filed objections to the Findings and Recommendations, in which he asserts for the first time, that he seeks to hold an unidentified officer liable for shooting a round at inmates in the yard who were not involved in a fight, and that the officer shot "with the malicious intent to cause harm."  (Doc. 14 at 1.)  He contends he also states a separate claim for deliberate indifference by the officers and medical staff "who ignored [his] medical emergency…"  (*Id.* at 1-2.)  Further, Plaintiff asserts the surgery performed by Dr. Abumeri "resulted in serious deformities for life" and it "is very clear" that he states a claim against the physician.  (*Id.* at 6.)  Plaintiff contends he should be granted leave to amend pursuant to Rule 15 of the Federal Rules of Civil Procedure, and re-alleges the events plead in the FAC.  (*Id.* at 3; *see also id.* at 3-6.)

17       Significantly, Plaintiff does not dispute the finding of the magistrate judge that he did not state a claim against any individual "Doe" defendant, but rather referred to them collectively.  He does not identify any allegations in the FAC that support his claims against the unidentified officers who he alleges delayed in seeking treatment or the "Doe" medical providers. Plaintiff does not identify allegations in the FAC that would support a claim against Dr. Abumeri for deliberate indifference to a serious medical need related to the surgical procedure performed.  Furthermore, Plaintiff does not state any allegations in his objections that show he may cure the identified deficiencies with a second amended complaint.

25      From the face of the initial complaint and the FAC, it does not appear that Plaintiff stated any claim for excessive force against the unidentified officer who fired the shot that hit Plaintiff, in response to the fight in the yard.  Instead, Plaintiff's allegations focused on the delayed response of the unidentified yard officers and the medical treatment received.  (*See* Docs. 1, 9.)

To the extent Plaintiff now seeks to recast the allegations of his complaint and state a claim for excessive force, such a claim does not involve the same defendants against whom Plaintiff alleged claims for deliberate indifference to a serious medical need.  For this reason, the Court exercises its discretion to deny Plaintiff leave to amend to state a claim for excessive force against a new defendant.  *See Rackliffe v. Rocha,* 2009 WL 800194, at *1 (E.D. Cal. Mar. 25, 2009) (indicating a plaintiff cannot "change the nature of this suit by adding new claims in his objections"); *see also Pasquinzo v. Salmonsen*, 2022 WL 4592052, at *5 (D. Mont. Sept. 29, 2022) ("the Court is under no obligation to consider new claims or arguments in an objection to a magistrate judge's findings and recommendation, and the Court in its discretion declines to consider [the plaintiff's] new claims").

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, including Plaintiff's objections, the Court concludes the Findings and Recommendations are supported by the record and proper analysis.  Therefore, the Court **ORDERS**:

1. The Findings and Recommendations issued on May 3, 2024 (Doc. 11) are **ADOPTED** in full.
2. This action is **DISMISSED**, with prejudice, for failure to state a claim.
3. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **November 25, 2024**

UNITED STATES DISTRICT JUDGE

3